UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL JOE BRADLEY,

    Plaintiff,

        v.                          CAUSE NO. 3:23-CV-108-JD-MGG

JOHN R. HARVIL and SHANNON SMITH,

    Defendants.

OPINION AND ORDER

Daniel Joe Bradley, a prisoner without a lawyer, filed a complaint alleging his grievances were improperly processed. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The complaint alleges the Indiana Department of Correction, the Westville Correctional Facility, Warden John Galipeau, and Commissioner Robert Carter, Jr., employ John R. Harvil and Shannon Smith and did not properly train them to process grievances. There is no supervisory liability under 42 U.S.C. § 1983. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609

(7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Pursuant to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), failure to train claims can be brought against municipalities based on their policy, practice, or custom. The Indiana Department of Correction, the Westville Correctional Facility, Warden John Galipeau, and Commissioner Robert Carter, Jr., are not municipalities. The complaint does not state a claim against them. They will be dismissed.

The complaint alleges Bradley's grievances were improperly processed by either John R. Harvil or Shannon Smith on multiple occasions in 2021, 2022, and 2023. ECF 2. The complaint does not explain what he was grieving. As presented, the complaint does not state a claim against them because "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If he believes he can state a claim based on (and consistent with) the events described in this complaint, Bradley may file an amended complaint against John R. Harvil and/or Shannon Smith based on how they processed his grievances. To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available

2

from his law library. He needs to explain each grievance he filed which he alleges was improperly processed. He needs to explain what he was grieving, when, and how he believes each defendant misprocessed the grievance. He should attach any supporting documents he has or can obtain.

For these reasons, the court:

(1) DISMISSES Indiana Department of Correction, Westville Correctional Facility, John Galipeau, and Robert Carter, Jr.;

(2) GRANTS Daniel Joe Bradley until **March 16, 2023**, to file an amended complaint; and

(3) CAUTIONS Daniel Joe Bradley if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on February 10, 2023

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT